1  **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE DISTRICT OF ARIZONA**

8

9   Arizona Cardinals Football Club, Inc.,      )   No. CV-08-1541-PHX-DGC
    an Arizona corporation; and National        )
10  Football League Management Council, a )   **ORDER**
    non-profit association,                      )
11                                               )
                                                 )
12              Plaintiffs,                       )
                                                 )
13  vs.                                          )
                                                 )
14  Wendell Bryant, an unmarried man,            )
                                                 )
15              Defendant.                        )
                                                 )
16  _____)

17          Plaintiffs Arizona Cardinals Football Club, Inc. and the NFL Management Council

18  have filed a motion for default judgment against Defendant Wendell Bryant.  Dkt. #16.

19  For reasons stated below, the Court will deny the motion without prejudice.

20  **I.      Background.**

21          Bryant is a former football player for the Arizona Cardinals.  Pursuant to the NFL

22  collective bargaining agreement, the Cardinals and Bryant submitted separate non-injury

23  grievances to an NFL arbitrator.  The arbitrator denied Bryant's grievance and sustained the

24  Cardinals' grievance, awarding the club $2,767,778.

25          Plaintiffs filed a complaint seeking an order confirming the arbitration award pursuant

26  to the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA").  Dkt. #1.  The

27  complaint names Bryant and the NFL Players Association, a labor organization, as

28  defendants.  *Id.*  Plaintiffs voluntarily dismissed the NFL Players Association.  Dkt. #15.

1    **II.      Motion for Default Judgment.**

2    Because Bryant's default has been properly entered (*see* Dkt. ##6, 11, 12), the Court

3    has discretion to grant default judgment against Bryant pursuant to Rule 55(b) of the Federal

4    Rules of Civil Procedure.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

5    Factors the Court should consider in deciding whether to grant default judgment include

6    (1) the possibility of prejudice to Plaintiffs, (2) the merits of the claim, (3) the sufficiency of

7    the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning

8    material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring

9    a decision on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

10   Because Plaintiffs do not address the *Eitel* factors (*see* Dkt. #16), the Court will deny

11   the motion for default judgment without prejudice.  Plaintiffs shall have until **March 20,**

12   **2009** to refile the motion.  In discussing the second and third *Eitel* factors, Plaintiffs shall

13   specifically address the issue of subject matter jurisdiction and whether the complaint states

14   a claim for relief against Bryant given that the claim against the NFL Players Association has

15   been dismissed.  Specifically, with the labor organization having been dismissed from the

16   case, does the Court have subject matter jurisdiction under the LMRA, and can Plaintiffs

17   state a claim against an individual player under the LMRA? *See* 29 U.S.C. § 185(c) (granting

18   district courts jurisdiction over actions "by or against labor organizations").

19         **IT IS ORDERED:**

20         1.      Plaintiffs' motion for default judgment (Dkt. #16) is **denied** without prejudice.

21         2.      Plaintiffs shall have until **March 20, 2009** to file a new motion for default

22              judgment.

23         DATED this 24th day of February, 2009.

24

25

26   _____
            David G. Campbell

27            United States District Judge

28

- 2 -