1    **WO**

2

3

4

5

6                     **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Arizona Cardinals Football Club, Inc.,    )    No. CV-08-1541-PHX-DGC
     an Arizona corporation; and National      )
10   Football League Management Council, a )    **ORDER AND DEFAULT JUDGMENT**
     non-profit association,                   )
11                                             )
12              Plaintiffs,                    )
                                               )
13   vs.                                       )
                                               )
14   Wendell Bryant, an unmarried man,         )
                                               )
15              Defendant.                     )
                                               )
16   _____ )

17

18        Wendell Bryant is a former football player for the Arizona Cardinals.  Pursuant to the

19   NFL collective bargaining agreement, the Cardinals and Bryant submitted separate non-

20   injury grievances to an NFL arbitrator.  The arbitrator denied Bryant's grievance and

21   sustained the Cardinals' grievance, awarding the club $2,767,778.

22        The Cardinals and the NFL Management Council filed a complaint seeking an order

23   confirming the arbitration award pursuant to the Labor Management Relations Act, 29 U.S.C.

24   § 185 ("LMRA").  Dkt. #1.  Bryant has not answered or otherwise responded to the

25   complaint.  The Clerk entered Bryant's default pursuant to Rule 55(a) of the Federal Rules

26   of Civil Procedure.  Dkt. #12.

27        Plaintiffs have filed a motion for default judgment.  Dkt. #18.  For reasons stated

28   below, the Court will grant the motion.

1    Because Bryant's default has been properly entered (*see* Dkt. ##6, 11, 12), the Court

2    has discretion to grant default judgment pursuant to Rule 55(b).  *See Aldabe v. Aldabe*, 616

3    F.2d 1089, 1092 (9th Cir. 1980).  Factors the Court should consider include (1) the

4    possibility of prejudice to Plaintiffs, (2) the merits of the claim, (3) the sufficiency of the

5    complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning

6    material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring

7    a decision on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

8    **A.    Possible Prejudice to Plaintiffs.**

9    The first *Eitel* factor weighs in favor of granting default judgment because Plaintiffs

10   will be prejudiced if default judgment is not entered.  Plaintiffs served process on Bryant

11   more than seven months ago.  *See* Dkt. #6.  Bryant has not responded to the complaint or

12   otherwise shown an intention to defend this action.  If Plaintiffs' motion for default judgment

13   is not granted, Plaintiffs "will likely be without other recourse for recovery."  *PepsiCo, Inc.*

14   *v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

15   **B.    The Merits of the Claim and the Sufficiency of the Complaint.**

16   The second and third *Eitel* factors favor a default judgment where the complaint states

17   a claim for relief under the notice pleading standards of Rule 8.  *See  Cal. Security Cans*, 238

18   F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978).  Plaintiffs'

19   complaint alleges that Bryant has violated the grievance and arbitration procedures in the

20   NFL collective bargaining agreement by failing to comply with the terms of the arbitration

21   award.  Dkt. #1.  This is sufficient to state a plausible claim for confirmation of the

22   arbitration award under the LMRA.  *See Grammar v. Artists Agency*, 287 F.3d 886, 890

23   (9th Cir. 2002); *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001).

24   The second and third *Eitel* factors therefore favor a default judgment.

25   **C.    The Amount of Money at Stake.**

26   Under the fourth *Eitel* factor, the Court considers the amount of money at stake in

27   relation to the seriousness of the defendant's conduct.  *See Cal. Security Cans*, 238 F. Supp.

28   2d at 1176.  Plaintiffs have obtained a valid arbitration award against Bryant in the amount

1   $2,767,778.  While the amount of the award is substantial, it is not unreasonable on its face

2   given the size of player salaries in the NFL.  Moreover, Bryant has presented no explanation

3   or defense for his failure to pay the award.  This factor weighs in favor of a default judgment.

4   *See Bd. of Trs. of Cal. Metal Trades v. Pitchometer Propeller*, No. C-97-2661-VRW, 1997

5   WL 7979222, at *1 (N.D. Cal. Dec. 15, 1997) (granting default judgment where amount of

6   money at stake was reasonable and justified).

7        **D.    Possible Dispute Concerning Material Facts.**

8        Given the sufficiency of the complaint and Bryant's default (*see* Dkt. ##1, 12),

9   "no genuine dispute of material facts would preclude granting [Plaintiffs'] motion." *Cal.*

10   *Security Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.  Moreover, even if

11   factual disputes existed, the Court's scope of review is extremely limited under the LMRA.

12   *See Garvey*, 532 U.S. at 509.

13        **E.    Whether Default Was Due to Excusable Neglect.**

14        Bryant was properly served with process.  *See* Dkt. #6; Fed. R. Civ. P. 4(e); Ariz. R.

15   Civ. P. 4.1(d).  It therefore is "unlikely that [his] failure to answer and the resulting default

16   was the result of excusable neglect."  *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-

17   CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

18        **F.    The Policy Favoring a Decision on the Merits.**

19        "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782

20   F.2d at 1472.  But the mere existence of Rule 55(b) "indicates that this preference, standing

21   alone, is not dispositive."  *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted).

22   Moreover, Bryant's failure to defend this action "makes a decision on the merits

23   impractical[.]"  *Id.*  The Court therefore is not precluded from entering default judgment

24   against Bryant.  *See id.*; *Gemmel*, 2008 WL 65604 at *5.

25        **G.    Conclusion.**

26        Having reviewed Plaintiffs' motion, and having carefully considered the *Eitel* factors

27   as a whole, the Court concludes that, pursuant to Rule 55(b), the entry of default judgment

28   is appropriate.

**IT IS ORDERED:**

1.      Plaintiffs' motion for default judgment (Dkt. #18) is **granted**.

2.      The arbitration award in the amount of $2,767,778.00 (*see* Dkt. #1-2 at 23-24) is **confirmed**.

3.      Default judgment is entered in favor of Plaintiffs and against Defendant Wendell Bryant in the amount of **$2,767,778.00**, plus interest.

4.      Plaintiffs are awarded attorneys' fees and costs in the amount of **$6,763.00**.

5.      The Clerk is directed to **terminate** this action.

DATED this 6th day of April, 2009.

David G. Campbell
United States District Judge